UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI SANAKABISA YOUNG,<br><br>    Petitioner,<br><br>v.<br><br>JAMES HILL, Warden; CDCR,<br><br>    Respondents. | No. 1:24-cv-01264-HBK (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO FILE A SECOND AMENDED PETITION<br><br>THIRTY DAY DEADLINE |

    On October 4, 2024, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which was transferred from the District of Southern California on October 17, 2024. (Doc. No. 1). Following a preliminary screening of the petition, the Court determined that it was not legibly handwritten, and dismissed the petition without prejudice with leave to file a First Amended Petition. (Doc. No. 7). Petitioner timely filed a First Amended Petition on December 9, 2024, which is presently before the Court. (Doc. No. 9). A preliminary screening of the petition reveals that Petitioner fails to include all grounds in his First Amended Petition. Consequently, it again fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Therefore, the Court will dismiss the First Amended Petition and direct Petitioner to file a Second Amended Petition.

    ////

    ////

**DISCUSSION**

**A. Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**B. Failure to State a Cognizable Federal Claim**

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition, inter alia, "specify all the grounds for relief available to the petitioner." *Id*. 29(c)(1).

In his First Amended Petition, Petitioner asserts claims for relief based on actual innocence (ground one), cruel and unusual punishment in violation of the Eighth Amendment (ground two), violation of right to speedy trial (ground three), prosecutorial misconduct (ground four), "violations of Faretta rights pro per status" (ground six), denial of right to a fair trial (ground seven), and "abuse of discretion" by trial judge regarding jury instructions (ground nine). (Doc. No. 9 at 3-9). Petitioner then attaches an "ADDENDUM" in which he states that two additional grounds—racial justice act and ineffective assistance of appellate counsel (grounds five

and eight, respectively) were erroneously not copied "by the people in charge."[1] (*Id*. at 8).

As previously advised, a petition for writ of habeas corpus must specify <u>all</u> grounds for relief as well as the facts supporting <u>each</u> ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. Petitioner must make specific factual allegations which, if true, would entitle him to habeas corpus relief. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. Because grounds five and eight do not include facts supporting all grounds for relief, the First Amended Petition fails to comply with Rule 2(c) and must be dismissed.

Petitioner will be granted a **<u>final</u>** opportunity to file a Second Amended Petition curing this deficiency if he is able. The Court again recommends that Petitioner attempt to type his amended petition or keep his printing confined to the lines on the form. If necessary, Petitioner may attach additional pages if he requires additional space to keep his printing legible and not overlapping. Petitioner is advised that he should caption his pleading, "Second Amended Petition," and he should reference the instant case number. Petitioner is advised that the Second Amended Petition will supersede his petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). Thus, the Second Amended Petition must be free-standing, *i.e.* it must be <u>complete</u> without reference to the prior petition or any superseded pleading and must include <u>all</u> grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings.

Accordingly, **IT IS ORDERED**:

1. The First Amended Petition (Doc. No. 9) is DISMISSED with leave to amend.
2. Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a Second Amended Petition that must include all grounds for relief and all facts in support of each ground.
3. The Clerk of Court shall provide Petitioner with a courtesy copy of his First Amended

---

[1] Petitioner is advised that the Court does not tolerate vulgar language in pleadings and directs Petitioner to refrain from the use of such language in the future.

Petition (Doc. No. 9) and a blank habeas corpus § 2254 form with this Order for Petitioner's use in preparing his Second Amended Petition.

4. If Petitioner fails to timely file a Second Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth herein and/or for Petitioner's failure to prosecute this action.

Dated:   January 7, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE