1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ZURI SANAKABISA YOUNG,                    Case No.   1:24-cv-01264-KES-HBK (HC)

12              Petitioner,                    FINDINGS AND RECOMMENDATIONS TO
                                               GRANT RESPONDENT'S MOTION TO
13        v.                                   DISMISS[2]

14   BRIAN CATES, Warden,[1]                   FOURTEEN-DAY OBJECTION PERIOD

15              Respondent.                    (Doc. No. 21).

16

17        Petitioner Zuri Sanakabisa Young ("Petitioner"), a state prisoner, initiated this action by

18   filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 24, 2024.

19   (Doc. No. 1).  Currently, Petitioner's Second Amended Petition is before the Court.[3]  (Doc. No.

20   13, "Petition").  In response to the Petition, Respondent filed a Motion to Dismiss ("Motion") and

21

22   ───────────────
     [1] Respondent asks that Brian Cates, the current warden of the California Correctional Institution, be
23   substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).  (Doc. No. 21 at 1 n.1).
     Respondent opposes the request, asserting Cates is not the warden and "there is 'no warden,' only
24   'captains' acting."  (Doc. 22 at 4).  The California Department of Corrections and Rehabilitation website
     confirms Cates is the warden of the institution where Petitioner is incarcerated.  *See*
25   https://www.cdcr.ca.gov/facility-locator/cci/ (last visited April 24, 2025).  Accordingly, the Court will
     grant the request to substitute.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

26   [2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).
27
     [3] Petitioner's initial and first amended petitions were dismissed following preliminary screening and
28   Petitioner was granted leave to file the second amended petition.  (*See* Doc. Nos. 7, 11).

                                              1

1    lodged portions of the state court record in support.  (Doc. Nos. 21, 20, 20-1 through 20-4).

2    Petitioner filed a response and Respondent filed a Reply.  (Doc. Nos. 22, 23).  For the reasons set

3    forth more fully below, the undersigned recommends granting Respondent's Motion to Dismiss

4    and dismissing the Petition without prejudice.

5         **I.        BACKGROUND**

6         On January 13, 2023, a jury found Petitioner guilty on three counts of unlawful possession

7    of a sharp instrument in a penal institution.  (Doc. 20-1 at 1; Doc. 20-2 at 1).  The Kern County

8    Superior Court sentenced Petitioner to 25 years to life in prison with the possibility of parole.

9    (Doc. 20-1 at 1; Doc. 20-2 at 1).

10        Petitioner appealed to the Fifth Appellate District Court, raising two issues: (1) "the trial

11   court abused its discretion by permanently revoking his in propria persona status and violating his

12   *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*) rights," and (2) "the court failed to strike his

13   prior 'super strike' convictions" within the meaning of the "Three Strikes" law and  *People v.*

14   *Superior Court* (*Romero*) (1996) 13 Cal. 4th 497, "which gives the court the power to strike a

15   prior strike conviction if it is in the 'interests of justice' to do so."  (Doc. No. 20-2 at 2).  On May

16   7, 2024, the appellate court affirmed Petitioner's convictions.  (*Id.* at 1-23).  Petitioner filed a

17   petition for review in the California Supreme Court, raising only the challenge to the trial court's

18   revocation of his pro per status.  (Doc. No. 20-3 at 1-23).  On July 15, 2024, the California

19   Supreme Court summarily denied review.  (Doc. No. 20-4).

20        In his federal Petition, Petitioner raises nine grounds for relief: (1) actual innocence; (2)

21   illegal and invalidated sentence or enhancement; (3) violation of speedy trial rights; (4)

22   prosecutorial misconduct; (5) racial bias/discrimination; (6) denial of right to self-representation;

23   (7) denial of compulsory process to call and obtain witnesses for defense; (8) ineffective

24   assistance of appellate counsel; and (9) failure to give a diminished capacity jury instruction.

25   (Doc. No. 13 at 7-15).

26        Respondent moves to dismiss, arguing grounds one through five and seven through nine

27   are unexhausted.  (Doc. No. 21 at 1).  Respondent argues Petitioner "did not present these claims

28   to the state supreme court," rendering the Petition a mixed petition subject to dismissal "[u]nless

1   Petitioner establishes that a stay is appropriate" or deletes his unexhausted claims and proceeds

2   on his sole exhausted claim.  (*Id.* at 3).

3        In response, Petitioner objects to "Respondent's motion to dismiss based on failure to

4   state a claim in which relief must be granted" and asserts his actual innocence as an "example" of

5   how he has "raise[d] a prima facie claim."  (Doc. No. 22 at 2-3).  As to exhaustion, Petitioner

6   argues the Motion must also be denied "for lack of sufficient evidence/proof that this case was

7   not presented to the California Supreme Court" and asserts that it was presented.  (*Id.* at 3).

8   Petitioner asserts "[t]he appointed appellate attorney … refused to raise [Petitioner's] nine (9)

9   claimed grounds on direct appeal and only raised two (2) claimed grounds he felt were easy."

10  (*Id.*).  He argues that his state remedies should be deemed exhausted because they are futile.

11  (*Id.*).

12       Respondent replies that while Petitioner points to his actual innocence claim as an

13  exception to a procedural bar, "Respondent did not argue that Petitioner's claims were untimely"

14  and "Petitioner cannot bypass the exhaustion requirement by asserting actual innocence."  (Doc.

15  23 at 1-2).  Respondent highlights Petitioners assertion that "his attorney refused to raise the

16  grounds on appeal" and argues that "[t]he fact remains that claims one through five and seven

17  through nine are unexhausted," warranting dismissal of the mixed Petition.  (*Id.* at 3).

18       **II.     APPLICABLE LAW AND ANALYSIS**

19       A petitioner in state custody who wishes to proceed on a federal petition for a writ of

20  habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  Exhaustion is a

21  "threshold" matter that must be satisfied before the court can consider the merits of each claim.

22  *Day v. McDonough*, 547 U.S. 198, 205 (2006).  The exhaustion doctrine is not a jurisdictional

23  issue but is based on comity to permit the state court the initial opportunity to resolve any alleged

24  constitutional deprivations.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*,

25  455 U.S. 509, 518 (1982).  To satisfy the exhaustion requirement, petitioner must provide the

26  highest state court with a full and fair opportunity to consider each claim before presenting it to

27  the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513

28  U.S. 364, 365 (1995).  Exhaustion is determined on a claim-by-claim basis.  *Insyxieng-May v.*

1    *Morgan*, 403 F.3d 657, 667 (9th Cir. 2005).  And the burden of proving exhaustion rests with the

2    petitioner.  *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay*

3    *v. Noia*, 372 U.S. 391 (1963)).  A failure to exhaust may only be excused where the petitioner

4    shows that "there is an absence of available State corrective process" or "circumstances exist that

5    render such process ineffective to protect the rights of the applicant."  28 U.S.C. §

6    2254(b)(1)(B)(i)-(ii).

7            Federal courts cannot consider petitions that contain both exhausted and unexhausted

8    claims, often referred to as "mixed" petitions.  *See Rose*, 455 U.S. at 522 (holding a district court

9    must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The

10   filing of a mixed petition renders it subject to dismissal on its face.  *Id.* at 519.  To remedy this

11   problem, a petitioner may, at his option, withdraw the unexhausted claims and go forward only

12   with the exhausted claims.  *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) ("district

13   courts must provide habeas litigants with the opportunity to amend their mixed petitions by

14   striking unexhausted claims as an alternative to suffering dismissal.").  Alternatively, under

15   certain circumstances and as long as adequately supported, a petitioner may seek leave to amend

16   or to seek a stay and abeyance of the federal habeas action while the petitioner exhausts any

17   unexhausted claims in state court.  *See Dixon v. Baker*, 847 F.3d 714, at 719 (9th Cir. 2017) ("we

18   have repeatedly warned the district courts that they 'may not dismiss a mixed petition without

19   giving the petitioner the opportunity to delete the unexhausted claims .... This warning is

20   compelled by the fact that, unless either a stay of the habeas proceedings or leave to delete the

21   unexhausted claims is granted, a federal habeas petitioner will lose the opportunity to have his

22   properly exhausted federal claims heard in federal court simply because they were submitted in a

23   mixed petition.").

24           Two procedures are available to federal habeas petitioners who wish to proceed with

25   exhausted and unexhausted claims for relief: one provided for by *Rhines v. Weber*, 544 U.S. 269

26   (2005), and the other by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).  Under *Rhines*, stay and

27   abeyance is appropriate if "the petitioner had good cause for his failure to exhaust, his

28   unexhausted claims are potentially meritorious, and there is no indication that the petitioner

1    engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *Bolin v. Baker*, 994

2    F.3d 1154, 1156 (9th Cir. 2021).  Under *Kelly*, "(1) a petitioner amends his petition to delete any

3    unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted

4    petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted

5    claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims

6    to the original petition." *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).  The Court notes

7    that the Kelly procedure is a riskier one for a habeas petitioner because it does not protect the

8    unexhausted claims from becoming time-barred during the stay.  *See id.* at 1140-41; *see also*

9    *Duncan*, 533 U.S. at 178 (unlike the filing of a state habeas petition, the filing of a federal habeas

10   petition does not toll the statute of limitations).

11         Here, as Respondent argues, Petitioner failed to present his grounds one through five and

12   seven through nine to the state courts.  To the extent Petitioner asserts his claims are exhausted

13   because his *case* was presented to the California Supreme Court, such is insufficient to satisfy the

14   exhaustion requirement.  Rather, Petitioner was required to present the substance of *each*

15   *individual claim* to the state courts, "including a reference to a federal constitutional guarantee

16   and a statement of facts that entitle the petitioner to relief." *Gulbrandson v. Ryan*, 738 F.3d 976,

17   992 (9th Cir. 2013).  Because nothing before the Court indicates Petitioner presented the claims in

18   grounds one through five and seven through nine to the state courts, his claims are unexhausted.

19   Such renders the Petition a mixed petition subject to dismissal under *Rose*.  455 U.S. at 519.

20         Petitioner's assertion that he presented his claims to his appellate counsel, but appellate

21   counsel refused to bring the claims, can be construed as an argument that a *Rhines* stay is

22   warranted because his failure to exhaust is due to ineffective assistance of appellate counsel.

23   However, such argument is unavailing.  First, it is unclear that ineffective assistance of appellate

24   counsel qualifies as good cause under *Rhines*.  *See Blake v. Baker*, 745 F.3d 977, 980 (9th Cir.

25   2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to

26   exhaust.").  More problematic, however, is Petitioner's failure to present any evidence beyond his

27   mere assertion to support that he raised these issues to appellate counsel and appellate counsel

28   refused to bring them.  "An assertion of good cause without evidentiary support will not typically

1    amount to a reasonable excuse justifying a petitioner's failure to exhaust." *Id.* at 982.  Thus,

2    Petitioner has not shown that a *Rhines* stay is warranted.

3          Finally, further weighing in favor of dismissal is the fact that the statute of limitations for

4    Petitioner to seek federal review has not yet expired.  The California Supreme Court denied

5    review on June 7, 2024, such that Petitioner's conviction became final on September 5, 2024,

6    when the ninety-day period to seek review from the United States Supreme Court expired.  Thus,

7    Petitioner currently has until September 5, 2025, to timely file a new federal petition.[4]  28 U.S.C.

8    § 2244(d)(1)(2) (one-year statute of limitations for bringing federal habeas claim begins to run on

9    "the date on which the judgment became final by the conclusion of direct review or the expiration

10   of the time for seeking such review").  Thus, because over four months remain for Petitioner to

11   exhaust his state remedies and refile his federal petition, this is not a situation as in *Rhines* where

12   dismissal would mean Petitioner was forever barred from seeking federal review.  544 U.S. at

13   275.

14         Accordingly, it is **RECOMMENDED**:

15     1.  Respondent's Motion to Dismiss (Doc. No. 21) be GRANTED unless, within the time

16         outlined below for the filing of objections, Petitioner files (1) a request that his

17         unexhausted claims be dismissed and he be allowed to proceed on his sole exhausted

18         claim, or (2) a properly supported motion to stay under either *Rhines* or *Kelly*.

19     2.  The Petition be DISMISSED without prejudice to refiling after Petitioner exhausts his

20         state court remedies.

21     3.  The Clerk of Court is directed to substitute Brian Cates as Respondent in this matter.

22                  **NOTICE TO PARTIES**

23         These Findings and Recommendations will be submitted to the United States District

24   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

25

26   [4] Additionally, "[t]he time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall not be

27   counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Thus, if
     Petitioner seeks state post-conviction relief to exhaust his claims, such will likely extend the

28   deadline for filing his federal petition.

1    after being served with a copy of these Findings and Recommendations, a party may file written

2    objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned,

3    "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

4    **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

5    wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

6    CM/ECF document and page number, when possible, or otherwise reference the exhibit with

7    specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

8    the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

9    636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

10   waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

11

12   Dated:    April 24, 2025

13                                                HELENA M. BARCH-KUCHTA
                                                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28