UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI SANA-KABISA YOUNG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRIAN CATES, Warden,<br><br>　　　　　Respondent. | No.: 1:24-cv-01264-KES-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 21, 24 |

Petitioner Zuri Sana-Kabisa Young is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 8, 2024, the assigned magistrate judge screened the original petition and determined that it was not legibly handwritten. Doc. 7. The assigned magistrate judge dismissed the petition with leave to amend. *See id.* at 3.

Petitioner filed a first amended petition on December 9, 2024. Doc. 9. The assigned magistrate judge screened the first amended petition and determined that it failed to specify all grounds for relief in violation of Rule 2(c) of the Rules Governing Section 2254 Cases. *Id.* at 3. The assigned magistrate judge thus dismissed the first amended petition with leave to amend. *Id.*

Petitioner filed a second amended petition on January 30, 2025. Doc. 13. On April 24,

1

2025, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed without prejudice because it is a "mixed" petition containing both exhausted and unexhausted claims. Doc. 24. In the findings and recommendations, the magistrate judge informed petitioner that he could, within the time for filing objections, file a request to proceed only on his unexhausted claim or file a motion to stay and hold the petition in abeyance pending his exhaustion of state remedies. *Id.* at 6. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. Petitioner has not filed objections, a motion to stay, or a request to proceed only on his exhausted claim, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. The Court notes that, because the parties have not consented to magistrate judge jurisdiction, the assigned magistrate judge was without jurisdiction to dismiss claims in petitioner's original petition and first amended petition. *Williams v. King*, 875 F.3d 500, 505 (9th Cir. 2017); *Fegan v. Cavagnolo*, No. 24-6849, 2025 WL 1728683 (9th Cir. 2025) ("[W]ithout the consent of the parties, [a] magistrate judge [does] not have the authority to dismiss any claims [in a habeas petition]."). Nevertheless, because both the original petition and the first amended petition, like the second amended petition, contained both exhausted and unexhausted claims, those petitions should have been dismissed for the same reasons stated in the April 24, 2025 findings and recommendations. Thus, having carefully reviewed the entire file, the Court concludes that the analysis in the findings and recommendations, as applied to the petition both in its initial version and as amended, is supported by the record and proper analysis.

///
///
///
///
///
///
///

Accordingly,

1. The findings and recommendations issued on April 24, 2025, Doc. 21, are adopted as set forth above;
2. The petition for writ of habeas corpus is dismissed without prejudice;
3. The Clerk of Court is directed to terminate any pending deadlines/motions and to close this case.

IT IS SO ORDERED.

Dated:   July 27, 2025

UNITED STATES DISTRICT JUDGE

3